CAUSE NO. **4-26 CV-202-P**

PAYON JACKSON §
Plaintiff §
§
v. § IN THE DISTRICT COURT
§
MHMR OF TARRANT COUNTY §
Defendant § TARRANT COUNTY, TEXAS
_____ JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND JURY DEMAND

### 1. DISCOVERY CONTROL PLAN
Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3.

### 2. PARTIES
Plaintiff Payon Jackson is an individual residing in Dallas County, Texas.

Defendant MHMR of Tarrant County is a governmental unit operating in Tarrant County, Texas and may be served through its Chief Executive Officer or registered agent at its principal office in Tarrant County, Texas.

### 3. JURISDICTION AND VENUE
This Court has jurisdiction under Texas Labor Code Chapter 21 and the Texas Constitution. Venue is proper in Tarrant County under Texas Civil Practice & Remedies Code §15.002 because all or a substantial part of the events giving rise to this lawsuit occurred in Tarrant County.

### 4. CONDITIONS PRECEDENT
All conditions precedent have occurred or been performed. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), received a Notice of Right to Sue, and files this action within 90 days of receipt as required by law.

### 5. FACTUAL ALLEGATIONS
Plaintiff was employed by Defendant as a 988 crisis hotline call specialist.

During employment, Plaintiff was subjected to unwelcome sexual conduct and harassment in the workplace. Plaintiff reported this conduct through appropriate internal channels.

Shortly after engaging in protected activity, Plaintiff was forced onto medical leave.

Plaintiff suffers from anemia, a physical impairment that substantially limits major life activities and qualifies as a disability under the Americans with Disabilities Act (ADA) and Texas Labor Code Chapter 21. Defendant failed to reasonably accommodate Plaintiff's medical condition and ignored medical limitations.

While on involuntary leave, Plaintiff was pressured to accept a position in a separate department. Despite compliance with Defendant's directives, Plaintiff was terminated by Human Resources.

The termination occurred because of Plaintiff's protected complaints, disability status, and opposition to unlawful employment practices.

6. WAIVER OF GOVERNMENTAL IMMUNITY
Defendant's governmental immunity is waived under Texas Labor Code Chapter 21 for claims of employment discrimination, retaliation, and disability discrimination.

7. CAUSES OF ACTION
A. Sexual Harassment / Hostile Work Environment
Violation of Title VII of the Civil Rights Act of 1964 and Texas Labor Code Chapter 21.

B. Retaliation
Adverse employment actions taken because Plaintiff engaged in protected activity.

C. Disability Discrimination and Failure to Accommodate
Violation of the Americans with Disabilities Act and Texas Labor Code Chapter 21.

8. DAMAGES
As a direct and proximate result of Defendant's unlawful conduct, Plaintiff seeks:
• Back pay and lost employment benefits
• Front pay or reinstatement
• Compensatory damages for emotional pain, suffering, and mental anguish
• Punitive damages where permitted by law
• Attorney's fees and court costs
• Pre-judgment and post-judgment interest
• All equitable and legal relief available

9. REQUEST FOR DISCLOSURE
Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2.

10. JURY DEMAND
Plaintiff demands trial by jury and tenders the appropriate jury fee.

PRAYER
WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial Plaintiff recover judgment against Defendant for the damages and relief requested herein.

Respectfully submitted,

Payon Jackson
Pro Se Plaintiff
PO Box 570045
Dallas, TX 75357
Phone: 817-790-1913
Email: Info@notaxingwithjackson.com

**Cc:**
NA NA
129 harmon
HURST, TX 76053

Joel Geary
Waddell Serafino Geary Rechner Jenevein, P.C.
1717 MAIN ST STE 2500
Dallas, TX 75201

Iftin Mohamed
MHMR Tarrant County
3840 Hulen Street
Fort Worth, TX 76107

Please retain this Notice for your records.

Exhibit A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**El Paso Area Office**
100 N. Stanton Street, Suite 600
El Paso, TX 79901
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/24/2025

**To:** Ms. Payton Jackson
4599 w davis Apt 2033
DALLAS, TX 75211

Charge No: 450-2024-06010

EEOC Representative and email:    Susana Nahas
Equal Opportunity Investigator
susana.nahas@eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2024-06010.

On behalf of the Commission,

Digitally Signed By:Elizabeth Porras
11/24/2025

Elizabeth Porras
Area Office Director

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2024-06010 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2024-06010 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

✓ **Only one** major life activity need be substantially limited.

✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*