**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PAYTON JACKSON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL NO. 4:26-CV-202-P** |
| | § | |
| **MHMR TARRANT COUNTY,** | § | |
| *Defendant.* | § | |

**ORDER RECOMMENDING DISMISSAL
AND RETURNING CASE TO DISTRICT JUDGE**

On February 23, 2026, *pro se* Plaintiff Payton Jackson filed a Complaint [doc. 1] in the above-styled and numbered case.  The Court, after reviewing Plaintiff's Complaint, entered an Order Directing Plaintiff to File a Form Amended Complaint ("Order to File Amended Complaint") [doc. 6] in which it directed Plaintiff to file an Amended Complaint no later than April 14, 2026.  In this order, the Court advised Plaintiff that "**[f]ailure to timely file an amended complaint could result in the undersigned recommending the dismissal of this case without prejudice for lack of prosecution without further notice**."  (Order to File Amended Complaint at 2 (emphasis in original).)  In addition, in an order dated March 25, 2026, the Court ordered Plaintiff to register, no later than April 14, 2026, an email address and as an electronic case filer in accordance with the Court's Local Civil Rules [doc. 7] ("Order Requiring Compliance with Local Rules").

On April 15, 2026, Plaintiff filed an Amended Complaint [doc. 8], which was stricken by the Court for failing to comply with the Court's Local Civil Rules [doc. 9].  The Court extended the deadline for Plaintiff to file an Amended Complaint to April 20, 2026.  As of the date of this order, Plaintiff has wholly failed to file an Amended Complaint or comply with the Court's Order

Requiring Compliance with Local Rules.    Consequently, the Court **RECOMMENDS** that the above-styled and numbered case be **DISMISSED** for failing to comply with the Court's orders.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until May 14, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

2

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 30, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE